IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVEN M. CRUTCHFIELD,

    Petitioner,

vs.

DAVID A. REDNOUR,

    Respondent.

Case No. 11-cv-1022-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Pending before the Court is petitioner Steven M. Crutchfield's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner, currently incarcerated in the Menard Correctional Center, alleges five grounds in his original petition, and a sixth in his motion to supplement (Doc. 7). Those grounds are summarized as follows: 1) inordinate delay in his state post-conviction proceeding; 2) several issues relating to petitioner wearing a stun belt during his trial; 3) several claims of ineffective assistance of counsel; 4) several claims of abuse of discretion by the trial court; 5) the jury returned a verdict contrary to the manifest weight of the evidence; and 6) petitioner was denied due process because the prosecution failed to prove beyond a reasonable doubt the absence of heat of passion or sudden provocation.

    Petitioner alleges he directly appealed his conviction and subsequently

sought leave to appeal the Illinois Appellate Court's decision affirming his conviction to the Illinois Supreme Court and filed a petition for certiorari with the United States Supreme Court. Both requests were denied. He further relates that he filed a state post-conviction proceeding on August 7, 2007, but indicates that it has yet to be decided and claims inordinate delay.

"'[D]elay in receiving a ruling on a discretionary state collateral appeal is not a ground for federal habeas corpus relief.'" *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997) (quoting *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996)). Nevertheless, "habeas relief might be appropriate if the state's conduct in the collateral proceedings violated an 'independent constitutional right, such as the Equal Protection Clause.'" *Jackson*, 112 F.3d at 880 (quoting *Montgomery*, 90 F.3d at 1206)). "Inordinate, unjustifiable delay in a state-court collateral proceeding excuses the requirement of petitioners to exhaust their state-court remedies before seeking federal habeas corpus relief." *Jackson*, 112 F.3d at 881 (citing, e.g., *Lane v. Richards*, 957 F.2d 363, 365 (7th Cir. 1992)).

Here, defendant may have asserted federal constitutional claims in his § 2254 that he also alleged in his state post-conviction petition. It is unclear at this point, however, whether there has been inordinate, unjustifiable delay. Accordingly, **IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty (30) days of the date this order is entered. This preliminary order to respond does not, of course, preclude the State from making

whatever waiver, exhaustion or timeliness arguments it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 9th day of August, 2012.

David R. Herndon
2012.08.09
08:01:44 -05'00'

**Chief Judge**
**United States District Court**