IN THE SOUTHERN DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN M. CRUTCHFIELD, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-cv-1022-DRH-SCW |
| ) | |
| MICHAEL P. ATCHISON[1], ) | |
|     Defendant. ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I.    Introduction

Before the Court is Respondent's Motion to Dismiss Petitioner's Habeas Corpus Petition without Prejudice (Doc. 20). Respondent seeks dismissal of Petitioner's Petition for Writ of Habeas Corpus because Petitioner failed to exhaust the available state collateral process. The District Court **GRANT'S** Respondent's Motion to Dismiss (Doc. 20) and **DISMISS without prejudice** Petitioner's claim against Respondent.

### II.    Factual Background

Now pending before the Court is petitioner's Habeas Corpus petition, brought pursuant to 28 U.S.C. § 2254, which concerns the Illinois state criminal trial in which he was found guilty of two counts of first-degree murder (Doc. 1 p. 2). Petitioner is currently incarcerated at Menard Correctional Facility (Doc. 1 p.

---

[1] Respondent informs the court that Michael P. Atchison is the current Warden of Menard Correctional Center and the proper respondent. Thus, the Court substitutes Atchison for original respondent David R. Rednour.

1).  On, September 3, 2002, a jury in Illinois' Circuit Court of the First Judicial District found petitioner guilty of two counts of first degree murder (Doc. 1 p. 2). Following the verdict, petitioner appealed to the Appellate Court for the Fifth Judicial District of Illinois (Doc. 1 p. 3). At the Appellate Court, petitioner argued four claims: (1) petitioner was denied due process because he was required to wear a stun belt during his trial; (2) the trial court erred in prohibiting petitioner from presenting evidence that supported his defense of sudden and intense passion; (3) the trial court erred in allowing evidence of other crimes to be presented in court; and (4) petitioner's natural-life sentence violated double jeopardy and ex-post facto laws (*Id.*). On October 19, 2004, the Appellate Court affirmed the trial court's decision (*Id.*).

Following the Appellate Court's ruling, petitioner filed a petition for leave to appeal (PLA) to the Illinois Supreme Court. Petitioner raised two claims in his PLA: (1) petitioner was denied a fair trial because he was forced to wear a stun belt during the trial; and (2) the statute under which petitioner was sentenced constituted an *ex post facto* law (Doc. 20-1 pp. 23-24). On January 26, 2005, the Illinois Supreme Court denied petitioner's PLA (Doc. 20-1 p. 65). On March 1, 2005, the Illinois Supreme Court granted petitioner leave to file a motion to reconsider the PLA (Doc. 20-1 p. 65). The Illinois Supreme Court denied petitioner's second PLA on September 27, 2006 (Doc. 20-1 p. 67).

After petitioner's PLA was denied by the Illinois Supreme Court, petitioner filed a petition for writ of certiorari with the United States Supreme Court (Doc.

a

20 p. 3). His petition for writ of certiorari was denied on February 20, 2007 (Doc. 1 p. 4). He then petitioned the Supreme Court for a rehearing, but the petition was denied on May 14, 2007 (Doc. 20 p. 3; Doc. 1 p. 4).

On August 7, 2007, petitioner filed a petition for post-conviction proceedings, and two related motions, in the Illinois Circuit Court of the First Judicial District (Doc. 20-1 p. 116). The motions filed by petitioner were a Motion for Recusal or Change of Judge and a Motion for Appointment of Counsel (*Id.*). The petition was filed pursuant to the Illinois Code of Criminal Procedure of 1963. *See* 725 ILCS 5/122. Petitioner's post-conviction arguments included eight claims: (1) the trial court erred in denying petitioner's request for new counsel; (2) the trial court erred in refusing to give a non-pattern jury instruction; (3) the trial judge mishandled the jury's request for additional information during deliberation: (4) the trial court abused its discretion in requiring petitioner to wear a stun belt; (5) the trial judge was biased against petitioner; (6) Petitioner's trial counsel was ineffective; (7) the jury's verdict was against the manifest weight of the evidence; and (8) Petitioner's appellate counsel was ineffective (Doc. 20 pp. 3-4).

Judge John Speroni, who was selected to preside over the collateral proceeding, had presided over Petitioner's criminal trial (Doc. 20-1 p. 1). A hearing was conducted on January 31, 2008, in front of Judge Ronald Eckiss to determine if Judge Speroni should be removed from the case (Doc. 20-1 p. 119). The court denied the motion and Judge Speroni remained on the case (*Id.*).

Judge Speroni presided over the case from August 8, 2008 until June 2009, when he was moved to another docket section within the circuit court (Doc. 20-1 p. 124). From June 2009 to January 2011, Judge Phillip Palmer presided over the case (Doc. 20-1 pp. 123-28). In January 2011, Judge Speroni resumed presiding over the case (Doc. 20-1 p. 128).

Petitioner's motion for counsel was granted on August 8, 2007, and Theresa Thien was appointed to represent him (Doc. 20-1 p. 116). On October 1, 2007, Thien filed a motion to withdraw from the case due to a conflict of interest (Doc. 20-1 p. 117). Thien's motion for removal was granted and she was removed from the case on November 7, 2007 (Doc. 20-1 p. 118). Thien represented petitioner for three months.

On November 7, 2007, Robert Bateson was appointed to petitioner's case (Doc. 20-1 p. 118). On May 13, 2009, petitioner filed a *pro se* motion to compel production of a complete work record (Doc. 20-1 pp. 134-38). On May 14, 2009, petitioner's attorney objected to petitioner's motion, and the State's Attorney on the case requested petitioner clarify the role of his appointed counsel (Doc. 20-1 pp. 122, 143-46). On May 15, 2009, Bateson filed a motion to be removed from the case citing irreparable damage to the attorney client relationship (Doc. 20-1 pp. 149-53). The court responded by denying petitioner's motion because he was represented by appointed counsel (Doc. 20-1 pp.124-25). On June 4, 2009 petitioner filed a response to his attorney's motion and clarified Bateson's role by agreeing to have him removed from the case (Doc. 20-1 pp. 123, 154-59). At the

same time, petitioner also made a Motion for Appointment of Counsel (Doc. 20-1 pp. 123, 160-62). The circuit court granted Bateson's motion to withdraw from the case on June 25, 2009 (Doc. 20-1 p. 123). Bateson filed eight continuances while representing petitioner. (Doc. 20 p. 5).

On June 25 2009, Timothy Ting was appointed as petitioner's counsel (Doc. 20-1 p. 124). On August 13, 2010, the court was notified that Ting no longer worked for the public defender's office, and Ting was immediately removed from the case (Doc. 20-1 p. 127). Ting agreed to four continuances while representing petitioner (Doc. 20 p. 7).

On October 18, 2010, Andrew Wilson was appointed to petitioner's case and remains petitioner's counsel (Doc. 20-1 p. 127). While represented by Wilson, petitioner has been granted fourteen continuances (Doc. 20 p. 7; Doc. 24 p. 3). At this time, petitioner's post-conviction proceedings have been ongoing for seventy-one months. Twenty-six continuances have been granted in the post-conviction proceedings (Doc. 24 p. 3).

On November 18, 2011, petitioner filed his Habeas Corpus Petition with this Court (Doc. 1). Petitioner is handling his petition *pro se*. The Habeas Corpus petition includes ten claims: (1) inordinate delay in state courts; (2) a due process violation because petitioner was forced to wear a stun-belt during his trial; (3) petitioner's trial counsel was ineffective (4) petitioner's appellate counsel was ineffective; (5) the trial court erred in denying petitioner's request to substitute counsel; (6) the trial court erred in denying a non-pattern jury

instruction; (7) the trial court erred in refusing the jury's request to review expert testimony; (8) the trial judge was biased; (9) the trial court erred in denying petitioner's directed verdict motion; (10) the state law requiring petitioner to carry the burden of proof to show heat of passion or sudden provocation violated petitioner's Sixth and Fourteenth Amendments rights (Doc. 20 pp. 7-8). On June 24, 2013, petitioner filed a supplement to his petition with an affidavit explaining the circumstances of a recent visit with his counsel (Doc. 21)

### III.  Conclusions of Law

**A.  Federal Habeas Corpus Standard**

A requirement that state courts have a *fair* opportunity to respond to the claims of state prisoners is stated in §2254. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). Federal Courts will entertain a habeas corpus petition from a state prisoner if the petitioner asserts his imprisonment is in violation of the United States Constitution or federal law. 28 U.S.C. § 2254 (a). Federal courts should not grant habeas corpus petitions unless one of the following appears to have occurred: (1) "the applicant has exhausted the remedies available in the courts of the State; [2] there is an absence of available State corrective process; or [3] circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1). Exhaustion at the state level is required because, "[s]tate courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the

first opportunity to review this claim and provide any necessary relief." *O'Sullivan*, 526 U.S. at 844.

Consequently, two inquiries are required before a district court can consider the merits of a habeas corpus petition: (1)whether the petitioner exhausted all available state remedies and (2) whether the petitioner raised all his claims during the course of the state proceedings. *Ferrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). The Seventh Circuit mandates that "[i]f the answer to either of these inquiries is 'no,' the petition is barred either for failure to exhaust state remedies or for a procedural default." *Id*. A habeas corpus petitioner has not exhausted remedies in state courts when "he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254 (c). A state may waive the exhaustion requirement but must do so expressly through counsel. 28 U.S.C. § 2254 (b)(3).

**B.     Analysis**

Respondent argues in his motion to dismiss without prejudice that petitioner's habeas corpus petition should be dismissed for failure to exhaust state collateral remedies. Petitioner claimed in his petition that his failure to exhaust was excused by inordinate delay in the post-conviction proceedings. Petitioner also asserts Respondent's motion to dismiss was not a proper response and should be considered an admission to the merits of his claims.

First, the undersigned finds that respondent's motion to dismiss was a proper response as ordered by the Court. Petitioner asserts that respondent's

Motion to Dismiss petitioner's habeas corpus petition was not a legally sufficient response and, therefore, was an admission to the merits of petitioner's habeas corpus petition (Doc. 21 p. 3). However, the respondent is required to respond to the petition in the manner ordered by the court. Rules Governing Section 2254 in United States District Courts Habeas Corpus (hereinafter Habeas Corpus Rules) Rule 4. More specifically, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id*. The Court used its discretion and ordered respondent to use any of a variety of methods, including motion, to respond to the petition (Doc. 8 p. 2). The Court further explained that the order to respond did not "preclude the State from making whatever, waiver, exhaustion or timeliness arguments it may wish" (Doc. 8 pp. 2-3). This order followed the rule that the answer to a habeas corpus petition "must state whether a petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." Habeas Corpus Rule 5 (b). The answer also must include relevant transcripts, briefs, and opinions related to the conviction. Habeas Corpus Rule 5 (c)-(d). Respondent's motion to dismiss (Doc. 20) asserted petitioner had not exhausted state remedies, and respondent attached the relevant documents required by Habeas Corpus Rule 5 (Doc. 20-1). Respondent's Motion to Dismiss met the requirements of the Habeas Corpus Rules and this Court's order, and thus, was not an admission to any of the merits of petitioner's claims.

Having found the motion to dismiss was a proper response, the court must determine if petitioner was required to exhaust his claims. The undersigned finds that petitioner is required to exhaust the claims in the state collateral processes. petitioner incorrectly asserts that awaiting a brief is distinct from awaiting a ruling. He asserts that awaiting a brief differentiates his case from *Jackson v. Duckworth,* 112 F.3d 878 (7th Cir. 1997), thus, he asserts, he does not have to exhaust his state collateral remedies. The facts of this case do not differentiate it from *Jackson*. Petitioner fails to recognize that filing a brief is a necessary step toward a ruling. The Illinois collateral process is not exhausted until the post-conviction court makes a ruling. As explained in *O'Sullivan*, exhaustion at the state level is necessary to maintain comity between the states and federal government. Regardless of the stage of the collateral proceeding, Petitioner is awaiting exhaustion of his claims and comity requires exhaustion before the federal courts will address the merits. *O'Sullivan*, 526 U.S. at 844.

Respondent asserts, and petitioner acknowledges, that the state collateral process was not exhausted (Doc. 1 p. 9; Doc. 20). Petitioner did not assert or show that a legal representative of the state of Illinois expressly waived the exhaustion requirement of §2254, thus, the State of Illinois did not waive the exhaustion requirement under §2254. Without waiver of the exhaustion requirement, petitioner's federal law claims must be exhausted in Illinois state courts before they can be reviewed by this Court.

Having found that petitioner must exhaust state remedies, the undersigned finds that the claims brought in petitioner's Habeas Corpus Petition are a mixture of exhausted and unexhausted claims. Thus, despite available remedies in state courts, petitioner failed to exhaust all of his claims. "[A] single petition containing some claims that have been exhausted in the state courts and some that have not" is a mixed petition. *Rhines v. Weber*, 544 U.S. 269, 271 (2005). Petitioner included ten claims in his habeas corpus petition. The Illinois Supreme Court denied petitioner's PLA which included the stun-belt due process claim (Doc. 1 p.4; Doc. 20-1 pp. 65-67). The stun-belt due process claim in this petition was exhausted in state courts when the PLA was denied by the Illinois Supreme Court. The remaining nine claims in his petition for writ of habeas corpus were not brought before the Illinois Supreme Court. Because they were not brought to the Illinois Supreme Court, Petitioner's remaining claims in his habeas corpus petition are not exhausted. When a petition is mixed, federal courts are directed to dismiss the petition without prejudice. *Rhines*, 544 at 274. Dismissing a petition without prejudice allows the petitioner to return to state court and exhaust all claims before returning to the federal court. *Id*.

The unexhausted claims must be addressed at the state level if a collateral process is available and effective. The undersigned finds there is an effective state remedy available to petitioner. The statute controlling Illinois post-conviction proceedings allows prisoners to assert "that: in the proceedings which resulted in his or her conviction there was a substantial denial of . . . rights under the

Constitution of the United States or of the State of Illinois or both." *See* 725 ILCS 5/122-1(a). The statute allows unexhausted federal claims to be addressed as part of the Illinois post-conviction proceedings, thus, a state collateral process is available to address the remaining claims.

Petitioner claims the state remedy is ineffective because his court appointed counsel does not meet his expectations (Doc. 1 p. 10). Specifically, petitioner complains that his attorneys have not filed a brief and have been granted twenty-six continuances (Doc. 24 p. 3). The applicable federal statute states that, "ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254 (i). Additionally, the Supreme Court has made clear that, "[t]here is no constitutional right to an attorney in state post-conviction proceedings," thus, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). [2] Because federal law precludes Petitioner from claiming ineffective counsel in his post-conviction proceedings as grounds for relief under

---

[2] A very narrow exception to *Coleman* allows a claim of ineffective counsel to be grounds for federal habeas corpus review. The exception applies only when state law requires the claim to be raised in collateral proceedings or makes it virtually impossible to raise the claim in direct appeal, and the petitioner's allegedly ineffective counsel in his collateral proceedings failed to raise the claim, causing procedural default. *Trevino v. Thaler*, 133 S.Ct. 1911, 1921 (2013); See also *Martinez v. Ryan*, 132 S.Ct. 1309, 1320 (2012). In this case, Petitioner brought an ineffective counsel claim in his collateral review proceedings, and the state has not asserted procedural default as a ground to dismiss the claim in this petition. Thus, the exception does not apply here.

§2254, the performance of his attorneys cannot be a cause for this habeas corpus petition.

Moreover, Illinois gives indigent petitioners for collateral proceedings the option to proceed *pro se* or to file a motion for court appointed counsel. The applicable statute reads: "the court may order that the petitioner be permitted to proceed as a poor person. . . . [H]e shall state whether or not he wishes counsel to be appointed to represent him...." *See* 725 ILCS 5/122-4. According to the statute, petitioners must request counsel be appointed in post-conviction proceedings. Prisoners who have appointed counsel in post-conviction proceedings may not "keep the lawyer the state has furnished and then point to that lawyer's inadequacies as 'cause' for his failure to take the steps the state requires." *Jenkins v. Gramly*, 8 F.3d 505, 508 (7th Cir. 1993). Petitioner filed for and accepted court appointed counsel multiple times. Petitioner notes that he has been represented by four attorneys during his post-conviction proceedings (Doc. 1 p. 7). Court records show that petitioner requested counsel when he filed his petition for post-conviction proceedings and filed an additional motion for counsel after an appointed attorney was removed from the case (Doc. 20-1 pp. 116, 123). The Seventh Circuit has explained that, "as the Constitution does not guarantee the aid of counsel to prosecute a collateral attack, putting a prisoner to a choice between a lawyer and a prompt hearing does not violate the Constitution" *Lane*, 957 F. 2d at 365. There is no federal right to counsel in collateral proceedings, and Petitioner has the option to proceed *pro se* if his attorney is not

acceptable. Petitioner could have declined to file motions for counsel with his petition for collateral proceedings or after any of his attorneys were removed. Both the state court and his current attorney have informed petitioner that he can request removal of his appointed counsel and proceed *pro se* (Doc. 20-1 p. 125; Doc. 24 p. 3). Despite the option to proceed *pro se*, petitioner continues to proceed with appointed counsel. The Seventh Circuit has stated that if a prisoner taking part in post-conviction proceedings does not feel his appointed attorney is meeting his expectations, "his remedy is to dismiss the lawyer and proceed by himself." *Jenkins*, 8 F.3d at 508.[3] Petitioner has the option of continuing his post-conviction proceedings *pro se* to prevent further delay, thus, state remedies are available to petitioner. Because petitioner has not exhausted all of the claims and there is an effective state collateral remedy available to him, Petitioner has failed to exhaust state remedies.

Having found that petitioner failed to exhaust state remedies, the undersigned also finds his failure to exhaust is not excused by inordinate delay. Petitioner asserts his failure to exhaust state collateral remedies is excused by inordinate delay caused by his attorneys and judges (Doc. 1p. 9).[4] A delay in a state collateral action is not ordinarily grounds for a federal habeas corpus petition, as, generally, "federal habeas corpus cannot remedy a delay in a state collateral proceeding because such an error has absolutely nothing to do with the

---

[3] This appears to be the very same options offered to Petitioner by his counsel (Doc. 24 at pp. 6-7).
[4] Petitioner further asserted his argument regarding inordinate delay in his affidavit filed with the Court (See Doc. 24).

reason for a defendant's confinement." *Jackson v. Duckworth*, 112 F.3d 878, 880 (7th Cir. 1997). However, "habeas relief might be appropriate if the state's conduct in the collateral proceedings violated an 'independent constitutional right.'" *Id*. Specifically, when a state's conduct causes an inordinate and unjust delay in collateral proceedings that become a violation of a prisoner's right to due process or equal protection, the petitioner may seek relief through the federal courts by way of a judgment on the merits of the claim without having first exhausted the state post-conviction process. *Jackson,* 112 F.3d at 880-881. Petitioner notes that the collateral proceedings have lasted over five years with twenty-six continuances (Doc. 24 p. 3). Petitioner claims the continuances and length of time have caused an inordinate delay in the post-conviction proceedings (Doc. 1 p. 9). Three and a half years of delay caused by the state is long enough to require a federal court to review the habeas corpus petition. *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981). Even as little as seventeen months of delay in post-conviction proceedings is enough to require a district court to determine if the delay is justified. *Dozie v. Cady*, 430 F.2d 637, 637 (7th Cir. 1970). The Seventh Circuit requires district courts to "determine whether lengthy delay in the state court is justifiable; if it is not, then the district judge should deem state remedies exhausted." *Lane v. Richards*, 957 F. 2d 363, 365 (7th Cir. 1992).

Petitioner admits that his appointed attorneys have been granted twenty-six continuances during the post-conviction proceedings (Doc. 24 p. 3). The Seventh Circuit ruled in *Lane* that, when motions for continuance filed by a convict's

attorney lead to delays, "the request (and thus the delay) cannot be attributed to his adversary." *Id*. Petitioner claims the state is responsible for delay because the presiding judges granted the continuances that caused the delay (Doc. 6 pp. 1-2; Doc. 24 p. 3). However, the twenty-six continuances were either requested or agreed to by petitioner's attorneys, and the actions of appointed attorneys cannot be attributed to the state because"[u]nder the common law a lawyer speaks for her client." *Id*. Because "[e]rrors committed by counsel representing a prisoner on collateral attack are not attributed to the state," an appointed attorney in post-conviction proceedings cannot cause inordinate delay. *Id.* Petitioner's attorneys were not state actors, and the state is not responsible for the delay caused by his attorneys' continuances. The delay in petitioner's post-conviction proceedings caused by the continuances are attributable to his attorneys rather than the state, thus there is no unjust delay caused by the continuances.

Petitioner asserts his post-conviction proceedings involved four separated judges (Doc. 1 p. 7). He claims that the number of judges involved in the case unjustly delayed the collateral proceedings. Only three judges have been involved in the post-conviction proceedings, Judge Speroni, Judge Palmer, and Judge Eckiss (Doc. 20-1 pp. 116-28). Two judges, Judges Speroni and Palmer, presided over petitioner's post-conviction proceedings at different times. The changes, from Judge Speroni to Judge Palmer, then back to Judge Speroni, were the result of the circuit court's practice of rotating judges to different dockets (*Id.*). There is no showing that the rotation of presiding judges was conducted with

intent to delay petitioner's post-conviction proceedings, nor was there any showing the rotations resulted in delay. Thus, the changes of presiding judges did not cause unjust delay.

Another judge involved in the case was Judge Eckiss who presided over the hearing for change of judge (Doc. 20-1 pp. 118-119). The hearing was the result of petitioner's motion for change of judge (Doc. 20-1 pp. 69-70). Judge Eckiss's became involved in the collateral proceedings on November 7, 2007, and presided over the hearing to consider whether Judge Speroni should be removed from the post-conviction proceedings (Doc. 20-1 pp. 118-120). On January 31, 2008, less than six months after the motion was filed, Judge Eckiss determined Judge Speroni's possible approval of a wrongful death settlement, not brought against petitioner, was not enough to show cause to remove Judge Speroni (Doc. 20-1 p. 120). Any delay caused by the hearing for change of judge is attributable to petitioner's motion, thus Judge Eckiss's three month participation in the proceedings did not cause an unjust delay in the proceedings. Neither the continuances, changes of presiding judge, nor the change of judge hearing unjustly delayed the post-conviction proceedings, thus, inordinate delay does not excuse petitioner's failure to exhaust state remedies.

Having found petitioner's failure to exhaust state remedies unexcused, the court must decide whether a stay and abeyance is appropriate. The undersigned finds that petitioner will be able to file a petition for a writ of habeas corpus after the state collateral proceedings are exhausted, thus, the Court will not stay this

petition.  Petitioner requests the Court review the stun-belt and inordinate delay claims on their merits and stay the remaining issues until those issues have been exhausted in state collateral proceedings (Doc. 1 p. 21).  Federal courts have the discretion to issue stays to prevent petitioners from exceeding the statute of limitation for habeas corpus petitions.  *Rhines*, 544 U.S. at 276.  However, courts are to make limited use of stays in habeas corpus petitions, such as "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277.  District Courts are to consider whether a stay is appropriate and should issue stays for petitions only when "dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers,* 454 F.3d 721, 725 (7th Cir. 2006).  The Seventh Circuit found that five months is enough time to file a habeas corpus petition after the state collateral process has been exhausted.  *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008).

   The Supreme Court recently determined that "[f]or petitioners who pursue direct review all the way to this Court, the judgment becomes final at the 'conclusion of direct review'—when this Court affirms a conviction on the merits or denies a petition for certiorari." *Gonzalez v. Thaler,* 132 S.Ct. 641, 653 (2012).  Petitioner's direct appeals process became final on February 20, 2007, when the US Supreme Court denied his petition for writ of certiorari (Doc. 1 p. 4). Petitioners have a year to file for a petition of habeas corpus after judgment in their case became final.  28 U.S.C. § 2244 (d)(1).  The final judgment exhausted

petitioner's direct appeals process and commenced petitioner's 365 day limitation to file a petition for habeas corpus under §2254. The year limitation is tolled while a properly filed petition for post-conviction relief is pending, and the time that passes from the final judgment to the start of post-conviction proceedings is counted against the one year limitation. *De Jesus v. Acevedo,* 567 F.3d 941, 943-44 (7th Cir. 2009). On August 7, 2007, petitioner filed for state collateral proceedings and tolling began (Doc. 20-1 p. 77). Between the final judgment and tolling, 166 days passed. Once the collateral proceedings are completed, the petitioner's remedies in state courts are exhausted and the year limitation continues running. *Id*. at 944. The year limitation is not restarted after the collateral process is exhausted. *Id*. Instead, the one-year limitation continues to run and the time that passed during the collateral process is excluded from the limitation. *Id*. Petitioner will have 199 days to file a new habeas corpus petition after his state collateral process is exhausted. This amount of available time is greater than the five months deemed sufficient to file a petition for habeas corpus in *Tucker*. Furthermore, petitioner's active participation in his collateral proceedings and his *pro se* participation in this petition indicate he will be capable of filing a timely habeas corpus petition in well under 199 days. Thus, dismissal would not effectively end any chance at federal habeas review because petitioner will have ample time to file a new habeas corpus petitions after exhaustion of his state collateral proceedings. Accordingly, the Court should not stay this petition.

The Court **FINDS** that Respondent's Motion to Dismiss (Doc. 20) meets the requirements of the Habeas Corpus Rules and this Court's order (Doc. 8). The Court **FINDS** petitioner was required to exhaust state remedies and that he failed to do so. Thus, as petitioner's claims are mixed, a dismissal without prejudice is appropriate. Further, the Court **FINDS** that inordinate delay has not occurred, thus, petitioner's failure to exhaust remedies is not excused. Petitioner will have ample time to file a Petition for Writ of Habeas Corpus upon exhaustion of the state collateral process, thus stay and abeyance is not appropriate.

### IV. Conclusion

Accordingly, as petitioner has failed to exhaust all of his claims in state court, the Court **GRANTS** Respondent's Motion to Dismiss without prejudice (Doc. 20) and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus **without prejudice**.

**IT IS SO ORDERED.**

Signed this 7th day of August, 2013.

Digitally signed by David R. Herndon
Date: 2013.08.07 15:44:35 -05'00'

**Chief Judge
United States District Court**