IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


STEVEN M. CRUTCHFIELD,

        Petitioner,

vs.

DAVID A. REDNOUR

        Respondent.

No.  3:11-cv-01022-DRH-SCW

## ORDER

**HERNDON, Chief Judge:**

Pending before the Court are petitioner's motion for certificate of appealability (Doc. 28) and petitioner's motion to request the record on appeal (Doc. 32).  For the following reasons petitioner's motions will be **DENIED.**

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A petitioner cannot appeal a dismissal of his habeas petition unless he obtains a Certificate of

Appealability. See 28 U.S.C. § 2253(c)(1). A Certificate of Appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Evans v. Circuit Ct. of Cook Cnty., Ill.*, 569 F.3d 665, 667 (7th Cir. 2009). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Mill-el v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). While a petitioner need not show that his appeal will succeed, he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)).

Here, the undersigned finds no basis for a determination that its decision to dismiss Petitioner's claims was debatable or incorrect. Petitioner's claims were dismissed because they were procedurally defaulted. Petitioner failed to exhaust the available state collateral process, grounds which a reasonable jurist would not find debatable.

Further, petitioner's motion requesting the record on appeal is moot. The Court notified petitioner that it would send the record on appeal to all parties pursuant to Fed. R. App. P. 3(d) (Doc. 31).

Accordingly, the Court **DENIES** Petitioner's Certificate of Appealability in

this case and **DENIES as moot** Petitioner's motion to request the record on appeal.

    **IT IS SO ORDERED.**

Signed this 16th day of September, 2013.

Digitally signed by David R. Herndon
Date: 2013.09.16 15:00:07 -05'00'

**Chief Judge**
**United States District Court**